Kent R. Robison, Esq., NSB No. 1167
krobison@rssblaw.com
Therese M. Shanks, Esq. NSB No. 12890
tshanks@rssblaw.com
ROBISON, SHARP, SULLIVAN & BRUST
71 Washington Street
Reno, Nevada 89503
Tel: (775) 329-3151
Fax: (775) 329-7169

Attorneys for Plaintiff
Delta Saloon, Inc.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DELTA SALOON, INC.,<br>A Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AMERIGAS PROPANE, INC.,<br>Pennsylvania Corporation;<br>AMERIGAS PROPANE PARTS & SERVICE, INC.,<br>a Pennsylvania Corporation;<br>DOES I through X and ROE CORPORATIONS XI through XX,<br><br>Defendants. | Case No.: 3:19-cv-00748-RCJ-WGC |

**STIPULATION TO FILE FIRST AMENDED COMPLAINT AND AMEND THE CAPTION AND ORDER THEREON**

Plaintiff Delta Saloon, Inc. ("Delta"), and Defendants, AmeriGas Propane, Inc. and AmeriGas Propane Parts & Service, Inc. (hereinafter jointly referred to as "AmeriGas"), stipulate pursuant to Fed. R. Civ. P. 15(a)(2) and LR 15-1, by and through their counsel, as follows:

1. Delta initially filed this matter against AmeriGas Propane, Inc., and AmeriGas Propane Parts & Service, Inc.

2. The parties conducted their early case conference on January 17, 2020, at which

time the parties discussed stipulating to amend the Complaint to name the appropriate entity, AmeriGas Propane, L.P and to amend the caption to reflect same

3. AmeriGas Propane, L.P., is represented by the same counsel as AmeriGas Propane, Inc., and AmeriGas Propane Parts & Service, Inc.

4. AmeriGas Propane, L.P. has consented to being named as the proper defendant in this matter.

5. The parties hereby stipulate and agree that Delta may amend its Complaint to name AmeriGas Propane, L.P., and amend the caption as reflected in the Amended Complaint attached here as **Exhibit 1**.

Dated this 19th day of February, 2020.

> ROBISON, SHARP, SULLIVAN & BRUST
> 71 Washington Street
> Reno, Nevada 89503
>
> /s/ *Therese Shanks*
> KENT R. ROBISON – NSB No. 1167
> THERESE M. SHANKS – NSB No. 12890
> *Attorneys for Plaintiff*
> *Delta Saloon, Inc.*

DATED this 19th day of February, 2020.

> McDONALD CARANO LLP
>
> /s/ *Sarah Ferguson*
> Matthew C. Addison, Esq. (NSNB 4201)
> Sarah A. Ferguson, Esq. (NSBN 14515)
> 100 W. Liberty Street, Tenth Floor
> Reno, NV 89501
> *Attorneys for Defendants*

### ORDER

IT IS SO ORDERED.

DATED this 20th day of February, 2020.

*William G. Cobb*
UNITED STATES MAGISTRATE JUDGE

2

# EXHIBIT 1

Kent R. Robison, Esq., NSB No. 1167
krobison@rssblaw.com
Therese M. Shanks, Esq. NSB No. 12890
tshanks@rssblaw.com
ROBISON, SHARP, SULLIVAN & BRUST
71 Washington Street
Reno, Nevada 89503
Tel: (775) 329-3151
Fax: (775) 329-7169

Attorneys for Plaintiff
Delta Saloon, Inc.

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DELTA SALOON, INC., A Nevada corporation, <br><br> Plaintiff, <br><br> vs. <br><br> AMERIGAS PROPANE, L.P., a Pennsylvania Limited Partnership; DOES I through X and ROE CORPORATIONS XI through XX, <br><br> Defendants. | Case No.: 3:19-cv-00748-RCJ-WGC |

### [PROPOSED] AMENDED COMPLAINT

Plaintiff DELTA SALOON, INC., complains and alleges as follows:

### GENERAL ALLEGATIONS

1. Plaintiff Delta Saloon, Inc. ("Delta") is a Nevada corporation that owns real property located in Virginia City, known as the Delta Saloon.

2. On information and belief, defendant Amerigas Propane, L.P. ("Amerigas") is a Pennsylvania limited partnership currently doing business in Nevada.

3. The Does and Roes Defendants, and each of them, are unknown to Delta at this time, and Delta therefore sues said Defendants by such fictitious names. Delta is informed and believed and thereon alleges that each of the Defendants designated herein as Does and Roes are responsible for the claims and damages alleged herein. Once discovery has disclosed the true

identities of such parties, Delta will seek leave of Court to amend its Complaint to insert the true names and capacities of said Defendants and to join Defendant to this action.

4. This matter was removed to this Court on December 18, 2019, by former defendants Amerigas Propane Parts & Service, Inc. and Amerigas Propane, Inc pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. (ECF #1).

5. On information and belief, jurisdiction remains proper in this Court under 28 U.S.C. § 1332 because Delta and Amerigas are citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest.

6. Venue in this Court is proper because the underlying incident occurred in Storey County, Nevada.

## FACTUAL ALLEGATIONS

7. Delta owns the historic Delta Saloon in Virginia City.

8. Delta entered into a contract with Amerigas. The contract required Amerigas to reasonably, safely and with caution service Plaintiff's propane needs at the Delta Saloon in Virginia City. In exchange for said services, the contract required Plaintiff to pay invoices submitted to it by Amerigas.

9. Pursuant to said contract, Amerigas is the company responsible for providing propane to and serving Delta Saloon's tanks and propane needs.

10. Pursuant to the contract and the implied covenant of good faith and fair dealings and within the standards of care within the industry, Amerigas was required to insure that Delta Saloon's propane tank was prudent, reasonably and safely filled with propane and to check for leaks and defects in the system.

11. On or about March 11, 2019, Amerigas was called to refill the propane tanks for the Delta Saloon. Amerigas did so in a careless, reckless and negligent manner.

12. On March 12, 2019, just before 9 a.m. the Delta Saloon exploded due to a propane leak. The explosion caused substantial destruction to the Delta Saloon. The explosion was caused by the negligent, inappropriate, reckless and careless conduct of Amerigas in pursuit of its efforts to fill the propane tank for the Delta Saloon.

13. On information and belief, the propane tanks were empty when Amerigas arrived on March 11, 2019. Amerigas failed to properly inspect the tank, regulators and premises. Amerigas could not initially refill the tank. Amerigas returned later in the day on March 11, 2019 to complete the assigned tasks of checking the regulators, the system and refilling the propane tank.

14. On information and belief, Amerigas knew, or should have known, that the propane tank was empty when it initially arrived to refill the propane tank on March 11, 2019 because it is required to service the tank monthly.

15. On information and belief, Amerigas failed to timely service the tank, allowing it to become empty. In its effort to refill the propane tank, Amerigas carelessly, recklessly and negligently failed to refill the propane tank in a proper, prudent and safe manner causing the tank and/or system to leak propane.

16. Amerigas knew, or should have known, of the serious risks involved in refilling an empty propane tank which include, but are not limited to:

    a. Leaks occurring when the system is recharged with propane;

    b. Air and moisture getting into the empty or depleted tank, which masks the odor of propane; and/or

    c. Pilot lights on appliances going out.

17. On or about March 11, 2019, Amerigas refilled the propane tanks connected to the Delta Saloon.

18. On information and belief, a propane leak developed of which Amerigas knew, or should have known, was likely to develop.

19. On information and belief, Amerigas either knew, or should have known, of the leak, or was negligent in checking the premises, propane tank and related monitoring equipment to determine whether a leak developed.

20. As a direct result of Amerigas' negligence, a propane leak occurred in the Delta Saloon.

21. As a direct result of Amerigas' negligence, the propane leak caused the Delta

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

Saloon to explode on March 12, 2019.

22. Damages caused by Amerigas' negligence and breach of the covenant of good faith and fair dealing exceed $3,000,000.00 in restoration costs and repairs.

23. Following the explosion, a regulator on the Delta Saloon was removed. On information and belief, the regulator that was removed is the same regulator connected to and/or that caused the explosion. On information and belief, the regulator was removed pursuant to Amerigas' instruction.

24. The irresponsible and reckless conduct of Amerigas breached the covenant of good faith and fair dealing implied in the contract that existed between Amerigas and the Delta Saloon.

25. Delta has been damaged and is entitled to attorney's fees as a result.

## FIRST CLAIM FOR RELIEF

### NEGLIGENCE

26. Delta incorporates the preceding paragraphs as if fully set forth herein.

27. Amerigas owed a duty to Delta to proceed with due diligence and properly fill and service the propane tanks that supply the Delta Saloon.

28. Amerigas breached this duty when it negligently refilled, serviced and/or inspected the propane tanks that supply the Delta Saloon.

29. As a direct result of Amerigas' breach, Delta has suffered injury in the form of property damage.

30. Amerigas' breach was both the legal and actual cause of Delta's injuries.

31. As a direct result of Amerigas' breach, Delta has suffered damages in excess of $50,000.

32. As a direct result of Amerigas' breach, Delta has been forced to retain counsel and is entitled to a reasonable award of attorney fees and costs.

33. At all times, Amerigas acted willfully, negligently and wantonly, and Delta is entitled to an award of punitive damages.

/ / /

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

## SECOND CLAIM FOR RELIEF

## BREACH OF THE COVENENT OF GOOD FAITH AND FAIR DEALING

34. Delta incorporates the preceding paragraphs as fully set forth herein.

35. Amerigas has breached the covenant of good faith and fair dealing in the contract that existed between the parties.

36. The implied covenant of good faith and fair dealing required Amerigas to refill the propane tank safely and to perform its propane tank services in such a manner as not to deprive the Plaintiff the benefit of its bargain.

37. Amerigas breached the implied contract and breached the implied covenant of good faith and fair dealing by causing the Delta Saloon to explode and be destroyed.

38. The breach has caused Plaintiff in excess of $3,000,000.00 (so far) in restoration, repair costs, charges, fees, and expenses.

39. Plaintiff is entitled to recover its consequential damages against Amerigas in addition to receiving an award for attorney's fees and court costs.

WHEREFORE, Delta prays for relief as follows:

1. For damages according to proof;
2. For punitive damages;
3. For an award of reasonable attorney fees and costs; and
4. For such other relief as this Court deems just and necessary.

Dated this _____ day of February, 2020.

ROBISON, SHARP, SULLIVAN & BRUST
71 Washington Street
Reno, Nevada 89503

KENT R. ROBISON - NSB No. 1167
THERESE M. SHANKS – NSB No. 12890
Attorneys for Plaintiff
Delta Saloon, Inc.

j:\wpdata\krr\1477.002 malfitano (v.amerigas)\p-complaint.doc