H. Brook Laskey, Esq. (NMSBN 8992)
McCoy Leavitt Laskey LLC
317 Commercial Street NE, Suite 200
Albuquerque, NM 87102
Telephone: (505) 246-0455
blaskey@mlllaw.com
(*Admitted Pro Hac Vice*)

Matthew R. Rosek, Esq. (WSBN1039080)
McCoy Leavitt Laskey LLC
Riverwood Corporate Center III
N19 W24200 Riverwood Drive, Suite 125
Waukesha, WI 53188
Telephone: (262) 522-7000
mrosek@mlllaw.com
(*Admitted Pro Hac Vice*)

Matthew C. Addison, Esq. (NSBN 4201)
Sarah Ferguson, Esq. (NSBN 14515)
McDonald Carano LLP
100 West Liberty Street, 10th Floor
Reno, NV 89501
Telephone: (775) 788-2000
Facsimile: (775) 788-2020
maddison@mcdonaldcarano.com
sferguson@mcdonaldcarano.com

*Attorneys for Defendant, AmeriGas Propane, L.P.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DELTA SALOON, INC., A Nevada Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> AMERIGAS PROPANE, INC., a Pennsylvania Corporation; AMERIGAS PROPANE PARTS & SERVICE, INC., a Pennsylvania Corporation; DOES I through X and ROE CORPORATIONS XI through XX, <br><br> Defendants. | Case No. 3:19-cv-00748-RCJ-WGC <br><br> **STIPULATED PROTECTIVE ORDER** |

| | |
|---|---|
| 1 | SCOTTSDALE INSURANCE COMPANY, as subrogee of Virginia City Gaming, LLC and Dr. Vincent Malfitano, |
| 2 | |
| 3 | Plaintiff-In-Intervention, |
| 4 | vs. |
| 5 | AMERIGAS PROPANE, L.P., |
| 6 | Defendant. |

The parties stipulate that the Court may enter the following protective order:

1. **Definitions.** As used in this protective order:

    (a) "attorney" means an attorney who has appeared in this action;

    (b) "confidential document" means a document designated as confidential under this protective order;

    (c) to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

    (d) "document" means information disclosed or produced in discovery, including at a deposition or in a written discovery response;

    (e) "notice" or "notify" means written notice;

    (f) "party" means a party to this action; and

    (g) "protected document" means a document protected by a privilege or the work-product doctrine.

2. **Designating a Document or Deposition as Confidential.**

    (a) A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information. All documents produced by a non-party shall be treated as confidential for a period of ten (10) business days from the date of their production, and during that period any party may designate such documents as confidential pursuant to the terms of this Order.

(b) A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential," or by conspicuously marking a compilation of data or documents in a manner sufficient to provide notice that the entire compilation is confidential.

(c) Deposition testimony may be designated as confidential:

    (1) on the record at the deposition; or

    (2) after the deposition, by promptly notifying the parties in writing.

(d) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

3. **Who May Receive a Confidential Document.**

(a) A confidential document may be used only in this action.

(b) No person receiving a confidential document may reveal it, except to:

    (1) the court and its staff;

    (2) an attorney or an attorney's partner, associate, or staff;

    (3) a person shown on the face of the confidential document to have authored or received it;

    (4) a court reporter or videographer retained in connection with this action;

    (5) a party and a party's insurance carrier(s) (subject to paragraph 3(c)); and

    (6) any person who:

        (A) is retained to assist a party or attorney with this action; and

        (B) signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

> I have read, and agree to be bound by, the protective order in the case captioned Delta Systems a/k/a Delta Saloon v. AmeriGas Propane, Inc., et al., 3:19-cv-00748-RCJ-WGC in the United States District Court for the District of Nevada. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential

document.

I declare under penalty of perjury that the foregoing is true and correct.

(c) A party may supplement the "confidential" mark (see paragraph 2(b)) with the words "attorney's eyes only," in which case a confidential document so designated may not be revealed to another party.

(d) If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

4. **Serving This Protective Order on a Non-Party.** A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order on the non-party.

5. **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

6. **Use of a Confidential Document in Court.**

    (a) Filing. This protective order does not authorize the filing of any document under seal. A confidential document may be filed only in accordance with Federal and local rules.

    (b) Presentation at a hearing or trial. A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

7. **Changing a Confidential Document's Designation.**

    (a) Document disclosed or produced by a party. A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

    (b) Document produced by a non-party. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be

heard.

(c) Changing a designation by court order. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

8. **Handling a Confidential Document after Termination of Litigation.**

   (a) Within 60 days after the termination of this action (including any appeals), each party must:

   (1) return or destroy all confidential documents; and

   (2) notify the disclosing or producing party that it has returned or destroyed all confidential documents within the 60-day period.

   (b) Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the court, and all deposition transcripts.

9. **Inadvertent Disclosure or Production to a Party of a Protected Document.**

   (a) Notice.

   (1) A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

   (2) A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

   (b) Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

///

10. **Security Precautions and Data Breaches.**

    (a) Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

    (b) A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

11. **Survival of Obligations.** The obligations imposed by this protective order survive the termination of this action.

Dated this 2nd day of June, 2021.

JAHRMARKT & ASSOCIATES
2049 Century Park East, Suite 2525
Los Angeles, California 90067

JOHN JAHRMARKT, ESQ. (CA SBN 175569)
*Pro Hac Vice Attorneys for Plaintiff*
*Delta Saloon, Inc.*
 - In association with –

BLUT LAW GROUP
300 S. Fourth Street, Ste. 701
Las Vegas, NV 89101

ELLIOT S. BLUT – NSB No. 6570
*Attorneys for Plaintiff*
*Delta Saloon, Inc.*

Dated this 17th day of June, 2021.

McDONALD CARANO LLP
100 West Liberty Street, 10th Floor
Reno, Nevada 89501

MATTHEW C. ADDISON – NSB No. 4201
SARAH A. FERGUSON – NSB No. 14515
*Attorneys for Defendants*
 - In association with -

MCCOY LEAVITT LASKEY LLC
317 Commercial Street NE, Suite 200
Albuquerque, NM 87102
and
N19 W2400 Riverwood Drive, Suite 125
Waukesha, WI 53188

_____
H. BROOK LASKEY, *Admitted PHV*
MATTHEW R. ROSEK, *Admitted PHV*
*Attorneys for Defendants*

Dated this 17th day of June, 2021.

BAUMAN LOEWE WITT & MAXWELL, PLLC
3650 N. Rancho Drive, Suite 114
Las Vegas, NV 89130

_____
KENNETH W. MAXWELL – NSB No. 9389
*PAUL T. LANDIS* – NSB No. 10651
*Attorneys for Plaintiff-In-Intervention*
*Scottsdale Insurance*

4841-2543-4092, v. 1

Dated this __3rd__ day of June, 2021.

BAUMAN LOEWE WITT & MAXWELL, PLLC
3650 N. Rancho Drive, Suite 114
Las Vegas, NV 89130

_____
KENNETH W. MAXWELL – NSB No. 9389
*PAUL T. LANDIS – NSB No. 10651*
*Attorneys for Plaintiff-In-Intervention
Scottsdale Insurance*

ORDER

Paragraph 6(a) is modified to reflect that any motion regarding filing confidential information and motions to seal shall comply with LR IA 10-5 and the requirements of Kamakana v. City and County of Honolulu, 447 F.3d 1172 (9th Cir. 2006). See also, Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1097 (9th Cir. 2016).

Paragraph 11 is modified to reflect that although the parties may agree to be bound by the confidentiality terms of this Order beyond the conclusion of this lawsuit, the dismissal of this action will terminate the jurisdiction of this court.

IT IS SO ORDERED.

_____
U.S. MAGISTRATE JUDGE

DATED: June 21, 2021

4841-2543-4092, v. 1

| | |
|---|---|
| 1 | H. Brook Laskey, Esq. (NMSBN 8992) |
| | McCoy Leavitt Laskey LLC |
| 2 | 317 Commercial Street NE, Suite 200 |
| | Albuquerque, NM 87102 |
| 3 | Telephone: (505) 246-0455 |
| | blaskey@mlllaw.com |
| 4 | (*Admitted Pro Hac Vice*) |
| 5 | Matthew R. Rosek, Esq. (WSBN1039080) |
| | McCoy Leavitt Laskey LLC |
| 6 | Riverwood Corporate Center III |
| | N19 W24200 Riverwood Drive, Suite 125 |
| 7 | Waukesha, WI 53188 |
| | Telephone: (262) 522-7000 |
| 8 | mrosek@mlllaw.com |
| | (*Admitted Pro Hac Vice*) |
| 10 | Matthew C. Addison, Esq. (NSBN 4201) |
| | Sarah Ferguson, Esq. (NSBN 14515) |
| | McDonald Carano LLP |
| 11 | 100 West Liberty Street, 10th Floor |
| | Reno, NV 89501 |
| 12 | Telephone: (775) 788-2000 |
| | Facsimile: (775) 788-2020 |
| 13 | maddison@mcdonaldcarano.com |
| | sferguson@mcdonaldcarano.com |

*Attorneys for Defendant, AmeriGas Propane, L.P.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DELTA SALOON, INC., A Nevada Corporation, | Case No. 3:19-cv-00748-RCJ-WGC |
| Plaintiff, | |
| vs. | **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |
| AMERIGAS PROPANE, INC., a Pennsylvania Corporation; AMERIGAS PROPANE PARTS & SERVICE, INC., a Pennsylvania Corporation; DOES I through X and ROE CORPORATIONS XI through XX, | |
| Defendants. | |

|   |                                                                 |
|---|-----------------------------------------------------------------|
| 1 | SCOTTSDALE INSURANCE COMPANY, as subrogee of Virginia City      |
| 2 | Gaming, LLC and Dr. Vincent Malfitano,                          |
| 3 | Plaintiff-In-Intervention,                                      |
| 4 | vs.                                                             |
| 5 | AMERIGAS PROPANE, L.P.,                                         |
| 6 | Defendant.                                                      |



I have read, and agree to be bound by, the Protective Order in the above captioned case (the "Action"). As soon as my work in connection with the Action has ended, but not later than 30 days after the termination of the Action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____, 2021

_____
*Signature*

_____
Printed Name

4850-2255-6396, v. 1