UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DELTA SALOON, INC.,

    Plaintiff

v.

AMERIGAS PROPANE, INC., et al.

    Defendants

Case No.: 3:19-cv-000748-RCJ-CSD

**Order**

Re: ECF No. 84

Before the court is defendant AmeriGas' motion regarding discovery dispute over Rule 26 disclosures and incomplete court-ordered production. (ECF No. 84.) Plaintiff Delta Saloon filed a response. (ECF Nos. 86, 87.) The court then ordered the parties to further meet and confer and provided a joint status update, which the parties did. (ECF Nos. 88, 89.)

**I. BACKGROUND**

The Delta Saloon is located in Virginia City, Nevada. Delta Saloon alleges that on March 11, 2019, AmeriGas refilled its propane tank in a reckless and negligent manner, which resulted in an explosion on March 12, 2019, causing substantial destruction to the Delta Saloon. Delta Saloon claims its damages exceed $3,000,000 in restoration, repair costs, charges, fees and expenses. (ECF No. 17.)

In this discovery motion, AmeriGas asserts that Plaintiff: (1) failed to sufficiently update its Rule 26 disclosures; and (2) failed to timely produce documents consistent with the court's December 15, 2022 order.

## II. DISCUSSION

**A. Production in Response to the Court's December 15, 2022 Order**

The court issued an order on December 15, 2022, requiring Delta Saloon and third parties Mr. Malfitano, Bonanza, Virginia City Gaming, and Skyline Crest to produce various documents. (ECF No. 81.)

It appears that the issues related to production in response to the court's December 15, 2022, order have been resolved. Nevertheless, AmeriGas seeks an order imposing sanctions, in the form of the fees associated with filing the motion and meeting and conferring to ensure Plaintiff's compliance.

The court declines to impose sanctions in connection with this production. Plaintiff produced some 1,500 pages of documents in response to the court's order. Some of the required documents were missing, but when this was discovered by AmeriGas' counsel, the parties engaged in a productive meet and confer, and additional documents were produced. Plaintiff states that as of the time the joint status update was filed, all documents have been produced, except for two years of tax returns, which were identified as missing by AmeriGas. Plaintiff's counsel believes they may not exist, but he is checking with his client.

**B. Rule 26 Disclosures**

The parties appear to dispute whether Plaintiff's disclosure/supplemental disclosures of its damages computation and supporting documentation for Plaintiff's "building restoration and repair costs" is deficient.[1]

---

[1] The second supplemental disclosure included a line item for lost profit damages in the amount of $1.8 million, even though counsel had previously represented to AmeriGas and the court that

**1. Plaintiff's Disclosures**

On May 6, 2021, Plaintiff served AmeriGas with documents Bates labeled DSI1218-1469, with a file named "Damages Calculations with supporting docs," which broke down the components of Plaintiff's damages and attached supporting documents for each item. The first page of the document was a spreadsheet titled "Summary of Damages," and attached were building contract, construction invoices, etc. (Jahrmarkt Decl., ECF No. 87 at 3-4 ¶ 7; ECF No. 87 at 10.)

On August 11, 2022, Plaintiff provided AmeriGas with a document titled "Delta v AmeriGas – Building Restoration and Repair Costs," with documents Bates labeled DSI4054-4102, which contained 74 line items comprising the claimed $3,783,148 in restoration and repair costs. According to Plaintiff's counsel, that document included approximately 50 pages of attached documents for each of the 74-line items. (Jahrmarkt Decl., ECF No. 87 at 4 § 8; ECF No. 87 at 12-16.) This production was apparently made in connection with settlement conversations, and this was not served as a formal supplemental disclosure. (ECF No. 89 at 4:13-15.) For most of the line items, the last column identifies dates, checks, wires, and payments, but they do not identify any corresponding documents by Bates label. For line items 63-74, the last column states "Budgeted for Completion." The "Budgeted for Completion" line items include: structural fixtures ($185,000), electrical ($65,000), plumbing ($35,000), flooring/hard surface ($35,000), fire systems ($20,000), surveillance ($35,000), painting ($20,000), debris removal/cleaning ($15,000), carpet ($40,000), doors/windows ($40,000), "end of project Misc." ($ 25,000) and "Legal (Blut – mechanic's lien suit) ($22,672). (ECF No. 87 at 14.)

---

Delta Saloon was not seeking lost profit damages. Delta Saloon's counsel subsequently agreed to remove that line item; therefore, this issue is no longer in dispute.

3

In January and early February, Plaintiff served additional supplemental disclosures. (Ferguson Decl., ECF No. 84-1 ¶¶ 5, 8, 12, 13.)

On February 22, 2023, Plaintiff served its Sixth Supplemental Disclosures. These disclosures contain, among other things, a revised amount of $3,530,761 for rebuilding and refurbishment costs with 73 line items. (ECF No. 89-1 at 17-18.) Again, the first 62-line items reference dates, checks, and wires, but they do not identify any corresponding documents by Bates label. (*Id*. at 18-21.) Line items 63-73 are the items described as "Budgeted for Completion." (*Id*. at 21.) Those line items include: structural fixtures ($140,000)[2], electrical ($65,000), plumbing ($30,000)[3], flooring/hard surface ($22,000)[4], fire systems ($25,000)[5], surveillance ($25,000)[6], painting ($18,500)[7], debris removal/cleaning ($15,000), carpet ($22,500)[8], doors/windows ($30,000)[9], and end of project miscellaneous ($25,000).

From the joint status report, AmeriGas' issues with the supplemental disclosures seem to be: (1) the delay in providing them; (2) that they do not identify the supporting documents by Bates label; and (3) the items identified as "budgeted for completion" and no supporting documentation.

---

[2] Reduced from $185,000 identified in the prior production.
[3] Reduced from $35,000 identified in the prior production.
[4] Reduced from $35,000 identified in the prior production.
[5] Increased from $20,000 identified in the prior production.
[6] Reduced from $35,000 in the prior production
[7] Reduced from $20,000 in the prior production.
[8] Reduced from $40,000 in the prior production.
[9] Reduced from $40,000 in the prior production.

### 2. Rules 26 and 37

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), a party must, without waiting for a discovery request, provide the other parties with several things, including: "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based[.]" Fed. R. Civ. P. 26(a)(1)(A)(iii). "The advisory committee note to Rule 26 describes this last requirement as 'the functional equivalent of a standing Request for Production under Rule 34.'" *R&R Sails, Inc. v. Insurance Company of Pennsylvania*, 673 F.3d 1240 (9th Cir. 2012) (citing Fed. R. Civ. P. 26 advisory committee's note to 1993 Amendments).

Initial disclosures must be made within 14 days of the parties' Rule 26(f) conference or at a time set by stipulation or court order. Fed. R. Civ. P. 26(a)(1)(C). A party is required to supplement initial disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing" or "as ordered by the court." Fed. R. Civ. P. 26(e)(1)(A), (B). "A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case[.]" Fed. R. Civ. P. 26(a)(1)(E). "[T]he key inquiry is whether the timing of the supplemental disclosure is reasonable based on when the information was available to the plaintiff." *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 241 (D. Nev. 2017) (citation omitted).

"A major purpose of the initial disclosure requirements is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such

information." *R&R Sails*, 673 F.3d at 1245 (citing Fed. R. Civ. P. 26 advisory committee's notes to 1993 Amendments).

Under Rule 37(c)(1), if a party fails to provide or supplement their disclosures as required by Rule 26, the party may not use the information (or witness), "unless the failure was substantially justified or is harmless." In addition to or instead of precluding use of the information, the court "on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(iv)." Fed. R. Civ. P. 37(c)(1)(A)-(C).

"Rule 37(c)(1) gives teeth to [Rule 26's] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

The moving party bears the initial burden of establishing that the opposing party failed to comply with the disclosure requirements. *Silvagni*, 320 F.R.D. at 241-242. "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R&R Sails*, 673 F.3d at 1246 (citing *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008)); *Silvagni*, 320 F.R.D. at 241-42.

**3. Analysis**

AmeriGas asks the court to strike the damages related to rebuilding and refurbishment in whole or in part.

Plaintiff identifies estimates of damages related to rebuilding and refurbishment as "budgeted for completion" and cites no supporting documentation. Plaintiff's counsel represents

that these items are estimated future costs for rebuilding, and written estimates do not exist at this time.

According to Ms. Ferguson's declaration, on February 3, 2023, Plaintiff's counsel sent an email asking for more time for a production because his client was "in the final push" to get the property (the saloon) opened again. (Ferguson Decl., ECF No. 84-1 ¶ 11.) The Delta Saloon's website, however, reflects that the property is currently operational, at least several days a week.[10] Even if the property were not currently operational, it seems unrealistic that if Plaintiff is in the "final push" to get the property opened again, it would not have at least bids or written estimates for the line items marked as budgeted for completion, particularly where the estimates for these items changed between the last two disclosures. Moreover, Plaintiff first identified these line items in August 2022. It is now March 2023, and it seems implausible that Plaintiff still has *no* documentation to support these line items. In other words, there must be *some* basis for both the initial estimated amounts and change in the estimated amounts, and if that information exists, Plaintiff is required to make the supporting documents available for inspection and copying.

"While a party may not have all of the information necessary to provide a computation of damages early in the case, it has a duty [as the case progresses] to diligently obtain the necessary information and prepare and provide its damages computation within the discovery period." *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 593 (D. Nev. 2011) (citation omitted). "The plaintiff cannot shift to the defendant the burden of attempting to determine the amount of the plaintiff's alleged damages." *Id.* (citing *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294-95 (2d Cir. 2006)).

---

[10] https://thedeltasaloon.com, last visited March 3, 2023.

The court will take Plaintiff's counsel at his word, as an officer of the court, that no documents exist to support the "budgeted for completion" line items. Based on this representation, the court concludes that there was substantial justification for not identifying documents to support these line items.

When a party fails to supplement disclosures after the disclosure deadline, or after discovery is closed, it may prevent the opposing party from properly preparing for trial or making an informed decision about settlement. *See* Rule 26 advisory committee notes to 1993 Amendments. Discovery is set to close April 18, 2023. Rebuttal expert disclosures are due on March 15, 2023. If additional documents exist to support the Plaintiff's computation of damages, they must be made available to AmeriGas for inspection or copying <u>by March 10, 2023</u>. If the documents are not timely produced, if there are truly still no documents to support the budgeted for completion line items, or if it turns out Plaintiff was in possession of the supporting documents, but failed to update its disclosures, then AmeriGas may file a motion *in limine* at the appropriate time to preclude such damages. Insofar as settlement is concerned, AmeriGas is free to argue in any settlement proceeding that Plaintiff is unlikely to recover items contained within its damages computation where no supporting documentation has been identified.

The court refers the parties to *R&R Sails*. In that case, the plaintiff served initial disclosures indicating that it sought $350,000 in *Brandt* fees in an insurance bad faith and breach of contract case. The plaintiff said this was an estimate and that it would amend at the time of trial. Plaintiff did not indicate that invoices would be used to support the claim for such fees, and no invoices were produced to the defendant as of the close of discovery. After the close of discovery, defense counsel requested documents related to the requested damages, but still no

invoices were produced by plaintiff. A year later, the pretrial order was issued, and the parties were required to comply with Rule 26(a)(3), requiring identification of documents to be presented at trial. The plaintiff for the first time said it would support its request for fees with invoices reflecting fees and costs incurred, and revised its estimate of fees to over $450,000. Defendant filed a motion *in limine* to exclude these damages because the plaintiff did not produce evidence to support the *Brandt* fees in initial or pretrial disclosures. The district court granted the motion, and excluded the fees under Rule 37(c)(1). The Ninth Circuit ruled that Rule 26 required the plaintiff to produce "a copy or description of the documents on which it based its damages calculation." Providing the amount of the fees sought without describing the documents on which it based the request was insufficient.

Finally, the court will address the issue of whether the documents identified as supporting Plaintiff's damages computation must be Bates labeled. The Advisory Comments to Rule 26's 1993 Amendments state that the party must "make available the supporting documents for inspection and copying as if a request for such materials had been made under Rule 34." The record indicates that Plaintiff's counsel agreed to meet and confer with AmeriGas' counsel to identify the supporting documents by Bates label, and the court directs counsel to do so.

///

### III. CONCLUSION

AmeriGas' discovery motion (ECF No. 84) is **DENIED**. If additional documents exist to support Plaintiff's computation of damages, the disclosures must be supplemented and the documents made available to AmeriGas for inspection or copying by **March 10, 2023**. Plaintiff's counsel shall meet and confer with AmeriGas' counsel to identify documents supporting its damages calculation by Bates label.

**IT IS SO ORDERED**.

Dated: March 3, 2023

_____
Craig S. Denney
United States Magistrate Judge