UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| DELTA SALOON, INC.,<br><br>  Plaintiff<br><br>v.<br><br>AMERIGAS PROPANE, L.P., a<br>Pennsylvania Limited Partnership, et al.,<br><br>  Defendants | Case No.: 3:19-cv-00748-CSD<br><br>**Order**<br><br>Re: ECF No. 125 |

Before the court is plaintiff Delta Saloon's motion *in limine* to exclude evidence that it received insurance payments or that defendant AmeriGas is entitled to a setoff from any damages the jury may award. (ECF No. 125.) AmeriGas filed a response (ECF No. 129). Delta Saloon filed a reply. (ECF No. 130.)

For the reasons set forth below, Delta Saloon's motion is denied.

## I. BACKGROUND

This is an action regarding an explosion that occurred on March 12, 2019, at the Delta Saloon, in Virginia City, Nevada. Delta Saloon made a claim to its insurer, Scottsdale Insurance Company, who paid Delta Saloon a total of $2.2 million—the full policy limit. Delta Saloon filed this action against AmeriGas in state court, and it was removed to federal court by AmeriGas.

Delta Saloon claims that the explosion was caused by AmeriGas' negligence in refilling the propane tank. AmeriGas asserts an affirmative defense of comparative negligence, claiming that Delta Saloon's unpermitted and unlicensed installation of the gas line created the hazardous condition that caused the explosion.

Scottsdale filed a complaint in intervention against AmeriGas as subrogee under the insurance policy to recover the $2.2 million paid to its insured. Scottsdale and AmeriGas settled Scottsdale's subrogation claim for an undisclosed amount, and on January 20, 2022, the complaint in intervention was dismissed with prejudice pursuant to a stipulation filed by Scottsdale and AmeriGas. (ECF Nos. 47, 48.)

Delta Saloon subsequently filed this motion to exclude evidence that it received insurance payments and that AmeriGas is entitled to a setoff from any future damages awarded to Delta Saloon. Even though the title of the motion asks the court only to exclude evidence of insurance payments or any setoff, Delta Saloon ultimately asks the court to issue the following orders: (1) to preclude AmeriGas from introducing evidence that Delta Saloon received insurance payments, or that AmeriGas is entitled to a setoff of any insurance payments Delta Saloon received; (2) finding that the collateral source rule prevents AmeriGas from setting off the $2.2 million insurance payment from Delta Saloon's recovery; (3) that the made-whole rule prevents AmeriGas from receiving any setoff until Delta Saloon has received the full verdict amount prior to any reduction for comparative fault; and (4) the common fund doctrine reduces the amount of any setoff by the proportionate amount of fees and costs Delta Saloon has incurred. (ECF No. 125.)

AmeriGas opposes the motion, arguing that Delta Saloon has no rights to the $2.2 million, and to rule otherwise would allow Delta Saloon a double recovery, and the equitable doctrines cited by Delta Saloon do not apply here. In addition, AmeriGas argues that Delta Saloon has provided no argument for why the exclusion of this evidence is justified.[1]

---

[1] AmeriGas also filed a motion for partial summary judgment (addressed in a separate order), asking the court to find, as a matter of law, that Delta Saloon is not entitled to seek the $2.2 million that it already received from Scottsdale as part of its damages at trial. (ECF No. 131.)

## II. DISCUSSION

"A motion *in limine* is a procedural mechanism to limit in advance [of trial] testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (citation omitted). While the Federal Rules of Evidence do not explicitly mention motions *in limine*, they are a part of the "district court's inherent authority to manage the course of trials." *Luce v. United States,* 469 U.S. 38, 41 n. 4 (1984) (citation omitted).

Despite being titled as a motion that seeks to exclude evidence, Delta Saloon's motion is actually focused on whether AmeriGas is entitled to a setoff of any damages Delta Saloon may recover at trial, and if so, the amount of that setoff. Delta Saloon first asserts that the make-whole doctrine should limit AmeriGas' right to a setoff. Second, Delta Saloon argues the collateral source rule prevents Delta Saloon's damages from being setoff by virtue of monies it obtained from other sources (*i.e.*, the insurance payments from Scottsdale). Finally, Delta Saloon argues AmeriGas should be charged with a proportionate amount of the fees and costs Delta Saloon has incurred and will continue to incur in litigating this action under the common fund doctrine.

A motion *in limine* is certainly not the proper vehicle to seek a ruling as a matter of law that AmeriGas is not entitled to a setoff or that any setoff should be limited in some manner. *See Hana Financial, Inc. v. Hana Bank,* 735 F.3d 1158, 1162 n. 4 (9th Cir. 2013) (citation omitted) ("A motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim[.]")*; Lister v. City of Las Vegas,* No. 2:21-cv-00589, 2024 WL 493292, at *3 (D. Nev. Feb. 7, 2024) (citing *Bakst v. Cmty. Memorial Hosp. Sys., Inc.*, No. CV 09-08241 MMM (FFMx), 2011 WL 13214315, at *3 (C.D. Cal. Mar. 7, 2011) (collecting cases)). If Delta Saloon wanted a dispositive ruling on the setoff issue before trial, it should have filed a motion for summary judgment that complies with Federal Rule of Civil Procedure 56 and Local Rule 56-1.

3

To the extent Delta Saloon seeks an order that AmeriGas is not entitled to claim a setoff from any damages that may ultimately be awarded to Delta Saloon by a jury or that such setoff should be limited, the motion is denied.[2]

Insofar as Delta Saloon requests an order precluding AmeriGas from presenting evidence that Delta Saloon received insurance payments or that AmeriGas is entitled to a setoff from any damages Delta Saloon recovers by virtue of the receipt of insurance payments, the motion is denied because Delta Saloon fails to cite any authority to support this argument.

Delta Saloon is encouraged to meet and confer with defense counsel on this issue, and if the parties are unable to come to a resolution, Delta Saloon has 14 days from the date of this Order to file a renewed motion *in limine* supported by legal authority only on the limited issue of whether the parties should be precluded from introducing evidence that Delta Saloon received insurance payments or that AmeriGas may be entitled to a setoff from damages related to insurance payments or AmeriGas' settlement of Scottsdale's subrogation claim.

///
///
///
///
///
///
///

---

[2] The court notes that it has addressed the arguments raised in this motion in its order on AmeriGas' motion for partial summary judgment as they were also asserted in Delta Saloon's response to AmeriGas' motion for partial summary judgment.

### III. CONCLUSION

Delta Saloon's motion (ECF No. 125) is **DENIED**. Delta Saloon has **14 days** from the date of this Order to file a renewed motion *in limine* supported by legal authority only on the limited issue of whether the parties should be precluded from introducing evidence that Delta Saloon received insurance payments or that AmeriGas may be entitled to a setoff from damages related to insurance payments or AmeriGas' settlement of Scottsdale's subrogation claim.

**IT IS SO ORDERED**.

Dated: March 28, 2024

_____
Craig S. Denney
United States Magistrate Judge