UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DELTA SALOON, INC.,

    Plaintiff

v.

AMERIGAS PROPANE, L.P., et al.,

    Defendants

Case No.: 3:19-cv-00748-CSD

**Order**

Re: ECF No. 139

Before the court is Plaintiff Delta Saloon, Inc.'s Renewed Notice of Motion and Motion to Exclude Evidence that Plaintiff Received Insurance Payments and is Entitled to a Setoff. (ECF No. 139.) Defendant AmeriGas Propane, L.P. filed a response. (ECF Nos. 142, 142-1 to 142-5.) Delta Saloon filed a reply. (ECF No. 143.)

For the reasons set forth below, Delta Saloon's motion is granted in part.

**I. BACKGROUND**

This is an action regarding an explosion that occurred on March 12, 2019, at the Delta Saloon, in Virginia City, Nevada. Delta Saloon made a claim to its insurer, Scottsdale Insurance Company, who paid Delta Saloon a total of $2.2 million—the full policy limit. Delta Saloon filed this action against AmeriGas in state court, and AmeriGas removed the action to federal court.

Delta Saloon claims the explosion was caused by AmeriGas' negligence in refilling the propane tank. AmeriGas asserts an affirmative defense of comparative negligence, claiming that Delta Saloon's unpermitted and unlicensed installation of the gas line created the hazardous condition that caused the explosion.

Scottsdale filed a complaint in intervention against AmeriGas as subrogee under the insurance policy to recover the $2.2 million paid to its insured. Scottsdale and AmeriGas settled Scottsdale's subrogation claim for an undisclosed amount, and on January 20, 2022, the complaint in intervention was dismissed with prejudice pursuant to a stipulation filed by Scottsdale and AmeriGas. (ECF Nos. 47, 48.)

The court granted AmeriGas' motion for partial summary judgment and found, insofar as it is relevant to this motion, that Delta Saloon may not recover the $2.2 million it was paid by Scottsdale as part of its damages in this action. (ECF No. 138.)

Delta Saloon has filed a renewed motion *in limine* seeking to preclude the introduction of evidence of liability insurance on the issue of negligence or other wrongful action, and to preclude evidence of the payment by Scottsdale to Delta Saloon in calculating damages. Delta Saloon also seeks an order that the amount of any setoff from its damages be determined by the court post-trial.

## II. DISCUSSION

"A motion *in limine* is a procedural mechanism to limit in advance [of trial] testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (citation omitted). While the Federal Rules of Evidence do not explicitly mention motions *in limine*, they are a part of the "district court's inherent authority to manage the course of trials." *Luce v. United States,* 469 U.S. 38, 41 n. 4 (1984) (citation omitted).

Delta Saloon argues that these rulings are justified under Nevada Revised Statute (NRS) 48.135, which provides that evidence "a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully," and NRS 48.035, because this evidence would confuse the jury and unduly prejudice Delta Saloon.

AmeriGas opposes the motion, arguing it is critical that it be allowed to introduce evidence that Delta Saloon was paid for its losses because this evidence is relevant to the damages sought by Delta Saloon. AmeriGas also argues that NRS 48.135 does not apply here. Finally, AmeriGas contends that Delta Saloon fails to adequately explain how it will be prejudiced by the introduction of such evidence or how it would confuse the jury.

"[F]ederal courts sitting in diversity apply state substantive law and federal procedural law." *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 68 (1938); *Wray v. Gregory*, 61 F.3d 1414, 1417 (9th Cir. 1995)). "Most evidentiary rules are procedural in nature, and the Federal Rules of Evidence ordinarily govern in diversity cases." *Id*. (quotation marks and citation omitted). "[S]tate evidence rules that are 'intimately bound up' with the state's substantive decision making must be given full effect by federal courts sitting in diversity." *Id*.

Federal Rule of Evidence (FRE) 403 and not NRS 48.035 would apply in this diversity action since NRS 48.035 is not "intimately bound up" with state substantive decision making.

The Ninth Circuit does not appear to have addressed whether NRS 48.135 or FRE 411 applies in a diversity action.[1] However, the court need not decide the issue here because, for purposes of this action, the two rules are sufficiently similar that it does not matter which rule the court applies. Federal Rule of Evidence 411 provides that "[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully[,] [b]ut the court may admit this evidence for another purpose, such as

---

[1] The Seventh and First Circuits have held that FRE 411 applies in diversity cases. *King v. Harrington*, 447 F.3d 531, 533 (7th Cir. 2006); *Urico v. Parnell Oil Co.*, 708 F.2d 852, 854 n. 1 (1st Cir. 1983).

proving a witness's bias or prejudice or proving agency, ownership, or control." Fed. R. Evid. 411.

AmeriGas argues the rule (under state or federal law) does not apply because this case does not involve a liability insurance policy, but a property coverage policy.

The plain language of both rules appears to be limited to liability insurance. *See* Wright & Miller, Federal Practice and Procedure § 5363 (2d ed.) ("Rule 411 only applies to insurance that would indemnify a person from liability for the injury at issue. Thus, evidence of life insurance, fire insurance, health insurance, or any other insurance that does not protect the insured from liability is not made inadmissible by Rule 411, even if it is offered to prove negligence or other wrongful conduct."); 1 McCormick on Evidence § 201 (8th ed.) (FRE 411 "is limited to insurance for liability and does not include other forms of insurance.").

Delta Saloon argues that AmeriGas employs a "tortured" reading of the statute, but Delta Saloon provides no authority to support its own position. Moreover, AmeriGas represents that it does not seek to introduce evidence of the insurance payments on the issue of whether Delta Saloon acted negligently or wrongfully, but only as to damages, which is not an impermissible purpose under FRE 411 or NRS 48.135. Therefore, to the extent Delta Saloon seeks to exclude evidence it received insurance payments or was insured on the issue of negligence or other wrongful action under FRE 411 or NRS 48.135, the motion is denied.

The court nevertheless has discretion to exclude evidence under FRE 403 "if its probative value is substantially outweighed by one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Delta Saloon argues that the insurance payment to Delta Saloon would tend to confuse the jury and result in undue prejudice to Delta Saloon. Delta Saloon maintains the jury should simply hear the evidence of damage to the premises and its contents and total the damages, but the jury should not be tasked with deciding whether each component of damages was paid for by insurance or by Delta Saloon.

AmeriGas contends that Delta Salon has placed its receipt of the insurance payment at issue by claiming certain types of damages, including damages related to interest and fees accrued on loans as well as IRS penalties. AmeriGas represents that Delta Saloon took out the loan in question in June 2021 for the asserted purpose of paying for reconstruction of the Delta Saloon. Delta Saloon then incurred over $400,000 in interest and fees on the loan, which it now seeks as damages. AmeriGas points out that Delta Saloon had received the full $2.2 million insurance payment from Scottsdale by January 2020, and the total cost of the project as of August 2021 was approximately $1,744,781. Therefore, AmeriGas asks why the loan was necessary. AmeriGas asserts the IRS penalties were incurred in 2017, and it seeks to have the jury address why these tax liabilities are damages related to the explosion, and if they are, why a portion of the $2.2 million insurance payout was not used to pay off the tax liabilities.

AmeriGas has demonstrated the relevance of the $2.2 million insurance payment to Delta Saloon's claimed damages. The Ninth Circuit has explained (outside the context of FRE 411), however, that "[i]t has long been the rule in our courts that evidence of insurance or other indemnification is not admissible on the issue of damages, and, should any such information reach the ears of the jurors, the court should issue a curative instruction." *Larez v. Holcomb*, 16 F.3d 1513, 1518 (9th Cir. 1994) (citation omitted)); *see also Pacific Sheet Metal v. Ford Motor*

*Co.*, No. C10-373 MJP, 2012 WL 12845610 (W.D. Wash. Apr. 30, 2012) (precluded evidence that plaintiff was an insured and received payment from its insurer).

Moreover, the court agrees with Delta Saloon that introduction of this evidence would likely result in confusion of the jury regarding the calculation and award of damages. There is also a risk of prejudice to Delta Saloon if the jury hears that Delta Saloon was paid $2.2 million by its insurer that it will determine Delta Saloon should not be awarded anything further, even if it proves damages beyond the amount for which it was insured. AmeriGas will have other means to question Delta Saloon's claimed damages insofar as the loan interest and fees and IRS penalties are concerned. Therefore, the court finds the relevance of the insurance payments is substantially outweighed by the risk of prejudice to Delta Saloon and confusion of the jury. As the court has indicated previously, the court will address the setoff of the insurance payment (including the amount) in a post-verdict motion.

### III. CONCLUSION

Delta Saloon's motion to preclude evidence that it was insured or that it received an insurance payment as to the issue of whether it was negligent or acted wrongfully under NRS 48.135 or FRE 411 is **DENIED**. However, Delta Saloon's motion to preclude the introduction of evidence or reference to the insurance payment to it from Scottsdale is **GRANTED** pursuant to FRE 403. The court will address the issue of a setoff of the payment from Scottsdale (including the amount of such setoff) in a post-verdict motion.

**IT IS SO ORDERED**.

Dated: August 6, 2024

_____
Craig S. Denney
United States Magistrate Judge